Mr. Justice Nott
delivered the opinion of the court:
This case does not essentially differ from most of the cases of this description with which our dockets are crowded. The defendant agreed to take the negro, provided the plaintiff would warrant him sound in all respects, except the lameness in one leg. The silence of the plaintiff seemed to imply an acquiescence in those terms, and so the defendant certainly understood it. And although an implied warranty usually arises from the party’s having paid the full value of the property, and although this negro was sold at a reduced price, yet the induction was for the lameness in the leg only, and the plaintiff received a full price for him as sound in all other respects. If, therefore, he was unsound in any other respect, the plaintiff was liable. One witness said that he appeared disordered in the breast. Another, that he appeared to have some defect in the arms. This testimony to be sure, did not appear to me to be very satisfactory. Nor did I consider the witness very competent to determine the questions. Yet these were questions for the consideration of the jury. Besides, several of the witnesses said he often complained, appeared able to do but very little work, and they thought him entirely worthless. This testimony .also may appear rather too general and unsatisfactory. Yet, perhaps a negro ilaay be so totally decayed throughout his whole system,, that the unsoundness may appear manifest even'toa common observer, who could not trace it to any particular cause nor be able to lay his finger on the spot where ihe disease was seated. And although I would always recommend to a jury to be cautious how they found a verdict on such evidence, I am not prepared to say they may not do so, or that their verdict ought not to be supported.
There is one point of law made in this case, which I thought had long ago been settled in this state, but respecting which, I find that some diversity of opinion still ex *435 ists, to wit: That the defendant could rot avail himself of this defence without having returned the property to the plaintiff or tendered it to him. I have always understood the rule to be, that whenever a person can maintain an action as plaintiff, he may avail himself of the same matter by way of defence when he becomes defendant, provided the defence be a subject matter of set off. The question then is, could Ibis defendant have maintained an action on the warranty for the unsoundness of this negro ? The distinction which has always been made in this state, is that an action for money had and received cannot be maintained until the property has been returned or tendered back. And for the most obvious reason. The purchaser cannot keep the property and recover the money also. It. is not until the contract is rescinded, as far as it is in the power of one party to rescind it, that the other is considered as having received the money to his use. So in England, it is held that an action for money had and received, is not the proper action to try a warranty ; but the action must he brought on the warranty itself. But it is pontended that this relates to express warranties only, and that an implied warranty does not furnish a ground for a special assumpsit. I apprehend, however, that this is a mistake. In declaring on a warranty, the form of the declaration is precisely the same, whether the warranty be express or implied. It appears to me that the mistake has arisen from confounding an express assumpsit with a special assumpsit, rp 1 considering them as synonimous terms. But a special promise is not necessarily an express promise. ' It may as well arise by implication of law as by the express promise of the party. Thus, if a person enter into an express contract to build one a house, the same implies a promise that he will do it in a .workmanlike manner. And if he do the work and yet fail to do it well, he will be liable to a special action on the case, for that breach of promise. So, if one man sell another a negro for a full price, the law implies a warranty of sound-boss, for a breach of wjiich he may have a special assump *436 sit. But he cannot have á general indebitatus assumpsit, because he owes him nothing. If the property is unsound, the warranty is broken. If the contract is violated on one side, it is dissolved on the other, and he may return the property or tender it back, And then he may maintain an action of indebitatus assumpsit for money had and received. The objection, therefore, that the defendant .bad not tendered back the property, will not deprive him of the benefit of his defence, and the motion must be dismissed .
Stark, for the motion.
■ O’Neal fy Johnson, contra.
Justices Colcocie, Richardson, Gantt and Huger, concurred .